UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 24, 2013

LETTER TO COUNSEL:

    RE:    *Charles Vernon Clarkson v. Commissioner, Social Security Administration*;
              Civil No. SAG-11-631

Dear Counsel:

On March 9, 2011, the Plaintiff, Charles Vernon Clarkson, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Clarkson filed his claim on December 11, 2008, alleging disability beginning on June 1, 2007. (Tr. 129, 134). His claim was denied initially on April 13, 2009, and on reconsideration on December 14, 2009. (Tr. 42-44, 50-53). A hearing was held on September 9, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 18-37). Following the hearing, on October 4, 2010, the ALJ determined that Mr. Clarkson was not disabled during the relevant time frame. (Tr. 7-17). The Appeals Council denied Mr. Clarkson's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Clarkson suffered from the severe impairment of chronic obstructive pulmonary disease (COPD). (Tr. 12). Despite this impairment, the ALJ determined that Mr. Clarkson retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he is limited to low concentration, low memory and simple routine work; he can attend [sic] tasks and complete a schedule; he can lift 25 pounds frequently and 50 pounds occasionally; he can sit for 2 hours and stand for 6 hours in an 8 hour workday; but he should not do repetitive lifting of weights over 50 pounds.

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Clarkson could perform his past relevant work, and alternatively, there were jobs that exist

*Charles Vernon Clarkson v. Commissioner, Social Security Administration*
Civil No. SAG-11-631
January 24, 2013
Page 2

in significant numbers in the national economy which he could perform. Accordingly, the ALJ found that Mr. Clarkson was not disabled during the relevant time frame. (Tr. 16-17).

Mr. Clarkson advances three arguments on appeal: that his past relevant work as a waterman exceeds the reasoning level set forth in his RFC; that his past relevant work was heavy, not medium in exertion; and that the VE's testimony conflicted with the DOT. After review of the entire record and the ALJ's decision, I am not persuaded by Mr. Clarkson's arguments.

The VE identified Mr. Clarkson's past relevant work as that of a "waterman," which, according to the VE, is considered "semi-skilled and medium." (Tr. 34). The VE testified, in response to the hypothetical presented in Mr. Clarkson's case,[1] that Mr. Clarkson could perform his past relevant work. Under the fourth step of the disability inquiry, a claimant will be found not disabled if he is capable of performing his past relevant work either as he performed it in the past, or as it is generally required by employers in the national economy. *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995) (citing Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *2 (S.S.A)) (if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be not disabled). Because the ALJ found Mr. Clarkson able to perform his past relevant work under both prongs, and supported that decision with substantial evidence, his decision should be affirmed.

With respect to the reasoning level required, the ALJ asked the VE whether Mr. Clarkson's past work as a waterman was repetitive, and the VE responded in the affirmative. (Tr. 35). Mr. Clarkson argues that his past relevant work required a reasoning level of three, which, he contends, exceeded the capacity determined in his RFC. Pl. Mot. 4. However, courts have consistently found that reasoning levels of two or three are consistent with limitations to simple instructions. *See Hynes v. Barnhart*, No. 04CV490SM, 2005 WL 1458747, at *5 (D.N.H. June 15, 2005) (explaining that reasoning level three requires the abilities typically possessed by a person who has completed the seventh or eighth grade); *see also Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (finding no inconsistency between VE testimony and the DOT when the

---

[1] The VE was asked to consider a hypothetical person of Mr. Clarkson's age, education, IQ, who was right handed by nature, who had shortness of breath on overexertion, who needs to have jobs that are low concentration, low memory, and simple routine, SVP 2, 3, or 4, who was able to attend tasks and complete schedules, and who required jobs that would allow him to lift twenty-five pounds frequently, and fifty pounds on occasion. The hypothetical person could stand for six hours, and sit for two hours in an eight-hour day, but could not do repetitive lifting of weights over fifty pounds. With those limitations, the VE testified that the person could do Mr. Clarkson's past work. The VE also provided other jobs that the hypothetical person could perform, such as janitor, stock clerk, and packer. (Tr. 34-36).

*Charles Vernon Clarkson v. Commissioner, Social Security Administration*
Civil No. SAG-11-631
January 24, 2013
Page 3

VE identified a job that required a reasoning level of three in response to a hypothetical that described an individual who was limited to following "simple, concrete instructions"); *see also Yates v. Astrue*, No. 1:09-cv-3394-PWG, 2012 WL 280528, at *2 (D. Md. Jan. 30, 2012) (finding evidence that plaintiff completed 11th grade and tested in the upper end of borderline intellect did not support her argument that she is limited to jobs with a reasoning level of two, but instead is capable of performing work at reasoning level three or four); *see also Fontz v. Astrue*, No. PWG-09-740, 2010 WL 2025565, at *2 (D. Md. May 19, 2010) (finding that an individual capable of level three reasoning is able to perform simple, unskilled work that requires "commonsense understanding to carry out instructions"). There is no inherent inconsistency between Mr. Clarkson's RFC and work at reasoning level three.

Mr. Clarkson's argument about exertion level is similarly deficient. Mr. Clarkson submitted forms detailing the type of work he performed.[2] (Tr. 135-36, 150-53). Mr. Clarkson's work history report states that his job as a waterman frequently required lifting 25 pounds, with the **heaviest weight lifted being 50 pounds.** (Tr. 150-53) (emphasis added). That report provides substantial evidence that the job was performed at the medium exertion level. *See* Social Security Ruling ("SSR") 83-10 ("The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.").

I also am not persuaded by Mr. Clarkson's argument that there is an unresolved conflict between the VE's testimony and the Directory of Occupational Titles ("DOT"). In accordance with SSR 00-4p, the ALJ asked whether there were any conflicts between the VE's testimony and the DOT. (Tr. 36). The VE testified that there were no conflicts. *Id.* However, even assuming arguendo that the VE's testimony had conflicted with the DOT, the ALJ was entitled to rely on the VE's testimony, rather than the DOT. *See English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

Finally, even if I were to assume that the ALJ's findings at step four were not supported by substantial evidence, the ALJ made an alternative finding at step five, and asked the VE to identify whether, when considering hypothetical limitations, there were jobs in the national and local economies that such a person could perform. (Tr. 35). The VE testified that the hypothetical person could work as a janitor, stock clerk, and packer.[3] (Tr. 36). Mr. Clarkson suggests that the ALJ was required to terminate his analysis once the ALJ made a "not disabled" finding at step four. However, ALJs frequently make alternative findings at steps four and five. Although the Fourth Circuit has not addressed the propriety of such alternative findings, other circuits have upheld them. *See e.g., Murrell v. Shahala*, 43 F. 3d 1388 (10th Cir. 1994) (alternative dispositions are viewed favorably); *Barton v. Apfel,* No. 98-2484, 1999 WL 314127,

---

[2] The work history report dated January 10, 2009 was completed by Mr. Clarkson's girlfriend, Janet Sydnor, who has lived with Mr. Clarkson for most of the past 15 years. (Tr. 153).

[3] The jobs of janitor and packer only require reasoning level two. *See* DOT#381.687-018 and DOT#920.687-134.

at *2 (8th Cir. May 17, 1999) (same). I concur with the analysis in those cases, because the finding at step four is not negatively impacted by a like finding of "not disabled" at step five.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 12) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge